**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHNNY L. WARD, | Case No.: 1:16-cv-00812-AWI-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER SECTION 1983 |
| JOSIE GASTELLO, et al., | |
| Defendants. | [ECF No. 1] |

Plaintiff Johnny L. Ward is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not consented or declined to United States magistrate judge jurisdiction; therefore, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed May 23, 2016.

**I.**

**SCREENING REQUIREMENT[1]**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Although it appears that Plaintiff has been released from custody, at the time of filing the instant action he was incarcerated.

1

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights.  Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On January 17, 2001, the Merced County District Attorney charged Plaintiff with the following three counts: (1) unlawful possession of a firearm (Cal. Penal Code § 12021, subd. (a)(1); (2) unlawful possession of ammunition (Cal. Penal Code § 12316, subd. (b)(1); and (3) possession of cocaine base for sales (Cal. Health & Safety Code § 1170.12).  As to all the counts, it was also alleged that Plaintiff had previously been convicted of two serious or violent felonies (Cal. Penal Code § 1170.12) and two additional felonies for which he served a term in prison.

///

//

2

After being found guilty, Plaintiff was sentenced to three consecutive life sentences, with a minimum of 25 years for each.

On September 25, 2011, the California Department of Corrections notified the Court of a sentencing error in Plaintiff's abstract of judgment.  In November 2012, Proposition 36 was voted into law.  The new law changed the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life imprisonment in two ways.  First, under the new law, the new (third-strike) felony must be serious or violent, along with two or more prior strikes in order to impose an indeterminate term of 25 years to life imprisonment.  Second, under the new law, individuals who were serving an indeterminate life sentence imposed pursuant to the three strikes law for a crime that was not a serious or violent felony, may have their sentenced recalled and be sentenced as a second strike offender, unless an exception applies.

Plaintiff petitioned the court under Proposition 36 to determine whether he would qualify for resentencing as a second strike defendant under the new law.  A hearing was held in the Merced County Superior Court, in 2013, and it was determined that Plaintiff did not qualify for resentencing under Proposition 36.  (ECF No. 1, Ex. D.)  The trial court's determination was affirmed on appeal by the California Court of Appeal for the Fifth District and the California Supreme Court.  (Id., Exs. E & F.)  Plaintiff contends he is being falsely imprisoned.

### III.

### DISCUSSION

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred."  Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted).  To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights.  Lemire v. California Dep't of

3

Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff fails to state a cognizable claim under section 1983 and this action must be dismissed. Plaintiff's complaint challenges his sentence as he seeks resentencing under Proposition 36 as a second, not third strike offender.  Plaintiff must pursue his claims (if such claim can be pursued at all in federal court) by way petition for writ of habeas corpus because he seeks speedier release from custody and/or challenges the validity of the sentence for which he is currently serving.  State prisoners may not challenge the fact or duration of their confinement in a section 1983 action; rather, their sole remedy for unconstitutional custody lies in habeas corpus relief.  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Because Plaintiff challenges the duration of his confinement, his claim is not cognizable by way of section 1983 and must be dismissed.  Although the Court would typically grant Plaintiff leave to amend in light of his pro se status, amendment is futile in this instance because the deficiencies identified herein cannot be cured by amendment.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend); see also Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant action be dismissed, without prejudice, for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 12, 2016**

UNITED STATES MAGISTRATE JUDGE